## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JON FARRUGIA )<br>)<br>    **Plaintiff,**   )<br>  vs.   )<br>    )<br>TRANS UNION, LLC   )<br>    and   )<br>EQUIFAX INFORMATION SERVICES, LLC   )<br>    and   )<br>EXPERIAN INFORMTION   )<br>SYSTEMS, INC.   )<br>    and   )<br>BANK OF AMERICA CORPORATION   )<br>    and   )<br>CREDIT ONE BANK, NA   )<br>    and   )<br>GE MONEY BANK d/b/a GEMB/PAYPAL   )<br>SMART CONN and d/b/a GEMB/PPPBYCR   )<br>    and   )<br>MIDLAND CREDIT MANAGEMENT, INC.   )<br>    and   )<br>VERIZON WIRELESS   )<br>    )<br>    **Defendants.**   )<br>    ) | **Civil Action No.** |

## COMPLAINT

### I.  Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA"), and other state laws.

### II.  Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.   Parties

4. Plaintiff, Jon Farrugia, is an adult individual who resides at 197 Covert Avenue, Floral Park, NY 11001.

5. Defendant, Trans Union, LLC (hereafter "TU"), is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant Equifax Information Services LLC (hereafter "EIS") is a business entity which regularly conducts business in the state of New Jersey and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

7. Defendant Experian Information Solutions, Inc. (hereafter "EX") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

8. Defendant Bank of America Corporation (hereafter "BOA") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, has offices in Philadelphia County, including at 1818 Market Street, Philadelphia, PA, and which has a principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28255.

9. Defendant Credit One Bank, NA (hereafter "COB") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 585 Pilot Road, Las Vegas, NV 89119.

10. Defendant GE Money Bank (hereafter "GEMB") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 3135 Easton Turnpike, Fairhill, CT 06828.

11. Defendant Midland Credit Management, Inc. (hereafter "MCM") is business

entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 8875 Aero Drive, Suite 200, San Diego CA 92123. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

12. Defendant Verizon Wireless (hereafter "Verizon") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at One Verizon Way, Basking Ridge, NJ 07920.

## IV.   Factual Allegations

13. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

14. The inaccurate information includes, but is not limited to, judgments, accounts with Arrow Financial Services, Bank of America, Chase Bank, GEMB, HSBC, Sperry Associates FCU, AFNI, Credit One Bank, LVNV Funding, MCM, Verizon Wireless, First Revenue Assurance, FNCC, and personal identifying information.

15. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

16. Defendants, EIS, EX and TU, have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

17. Plaintiff has repeatedly disputed the inaccurate information with the Defendants, EIS, EX and TU, by both oral and written communications to their representatives and by following EIS's, EX's and TU's established procedure for disputing consumer credit information.

18. Plaintiff has repeatedly disputed the inaccurate information with EIS, EX and TU on multiple occasions, including but not limited to, from February, 2011 through the present.

19. In addition to repeatedly disputing the inaccurate information, Plaintiff has provided Defendants, EIS, EX and TU, with extrinsic written documentation corroborating Plaintiff's disputes.

20. Notwithstanding Plaintiff's efforts, Defendants, EIS, EX and TU, have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants, EIS, EX and TU, continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendants, EIS, EX and TU, have repeatedly published and disseminated consumer reports to such third parties, including but limited to, February, 2011 through the present.

21. Despite Plaintiff's efforts, Defendant, EIS, EX and TU, have never: 1) contacted the Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; 2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; 3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; 4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and 5) performed any handwriting analysis.

22. Additionally, Plaintiff has repeatedly disputed the inaccurate information concerning the BOA, COB, GEMB, MCM, and Verizon accounts with the Defendants, BOA, COB, GEMB, MCM, and Verizon. Notwithstanding Plaintiff's disputes, BOA, COB, GEMB, MCM, and Verizon have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, has failed to mark the above accounts as disputed and has continued to attempt to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

23. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

24. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

25. Plaintiff's credit reports and file have been obtained from Defendants, EIS, EX and TU, and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and

from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

26. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

27. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. CLAIMS

### COUNT ONE - FCRA
**(Plaintiff v. EIS, EX and TU)**

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, Defendants, EIS, EX and TU, were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

31. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants, EIS, EX and TU, are liable to the Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c) willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f) willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

       (j)    willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

    34.    The conduct of Defendants, EIS, EX and TU, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO - FCRA
### (Plaintiff v. BOA, COB, GEMB, MCM, and Verizon)

    35.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

    36.    At all times pertinent hereto, Defendants, BOA, COB, GEMB, MCM, and Verizon, were "persons" as that term defined by 15 U.S.C. § 1681a(b).

    37.    Defendants, BOA, COB, GEMB, MCM, and Verizon, violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

       (a)    willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

       (b)    willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendants, BOA, COB, GEMB, MCM, and Verizon;

       (c)    willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

       (d)    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendants, BOA, COB, GEMB, MCM, and Verizon, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

38. Defendants BOA, COB, GEMB, MCM, and Verizon's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendants, BOA, COB, GEMB, MCM, and Verizon, is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

### COUNT THREE - DEFAMATION
(Plaintiff v. EIS, EX and TU)

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Defendants, EIS, EX and TU, have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the Plaintiff.

41. Defendants, EIS, EX and TU, have published these statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

42. The statements made by Defendants, EIS, EX and TU, are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

43. Defendants, EIS, EX and TU, have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

44. Defendants, EIS, EX and TU, knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

45. Nonetheless, Defendants, EIS, EX and TU, continue to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

46. The written statements and publications constitute libel per se.

47. The oral statements and publications constitute slander per se.

48. In addition, and despite the repeated notices from Plaintiff, Defendants, EIS, EX and TU, have acted with malice by failing to communicate the information provided to them by

Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

49. Defendants, EIS, EX and TU's, conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants, EIS, EX and TU, are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## COUNT FOUR - DEFAMATION
### (Plaintiff v. BOA, COB, GEMB, MCM, and Verizon)

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. At the times pertinent hereto, Defendants, BOA, COB, GEMB, MCM, and Verizon, have published statements both orally and through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

52. At a minimum, Defendants, BOA, COB, GEMB, MCM, and Verizon, have published these statements each time Plaintiff has notified Defendants, BOA, COB, GEMB, MCM, and Verizon, and other credit reporting agencies of Plaintiff's dispute and each time a credit-reporting agency has reinvestigated the dispute.

53. The statements made by Defendants, BOA, COB, GEMB, MCM, and Verizon, are false as outlined above.

54. Defendants, BOA, COB, GEMB, MCM, and Verizon, have published these statements to at least Defendants, EIS, EX and TU.

55. Defendants, BOA, COB, GEMB, MCM, and Verizon, knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and, nonetheless, they continue to publish such statements up through the present time.

56. The written statements and publications constitute libel per se.

57. The oral statements and publications constitute slander per se.

58. In addition, and despite the repeated notices from Plaintiff, Defendants, BOA, COB, GEMB, MCM, and Verizon, have acted with malice by failing to communicate the information provided to them by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

59. The conduct of Defendants, BOA, COB, GEMB, MCM, and Verizon, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants, BOA, COB, GEMB, MCM, and Verizon, are liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## COUNT FIVE – FAIR DEBT COLLECTION PRACTICES ACT
**(Plaintiff v. MCM)**

60. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

61. Defendant, MCM, are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

62. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA

63. The above disputes by Plaintiff, as well as the reporting of the inaccurate

information to credit reporting agencies by Defendant MCM is a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

64. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

65. Defendant, MCM, violated the FDCPA. Defendant MCM's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

> (a) The false representation of the amount, character or legal status of a debt;
>
> (b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and
>
> (c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

66. Defendant MCM's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

67. As a result of the above violations of the FDCPA, Defendant, MCM, is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### COUNT SIX - NEGLIGENCE
### (Plaintiff v. EIS, EX and TU)

68. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

69. Defendants, EIS's, EX's and TU's, negligence consists of the following:

(a)  Violating the FCRA as set forth above;

(b) Failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff;

(c) Failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to creditors;

(d)  Failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to creditors;

(e)  Failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information;

(f) Failing to delete or correct the inaccurate information from Plaintiff's credit file after reinvestigation;

(g) Failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports;

(h) Failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(i) Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(j) Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(k)  Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

85. As a result of Defendants, EIS's, EX's and TU's, above mentioned conduct,

Plaintiff sustained and continues to sustain the losses and damages as set forth above.

70. The conduct of Defendants, EIS, EX and TU, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants, EIS, EX and TU, are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## COUNT SEVEN - NEGLIGENCE
### (Plaintiff v. BOA, COB, GEMB, MCM, and Verizon)

71. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

72. Defendants BOA, COB, GEMB, MCM, and Verizon's negligence consists of the following:

   (a) Violating the FCRA and FDCPA as set forth above;

   (b) Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   (c) Failing to review all relevant information concerning Plaintiff's account that was sent to Defendants, BOA, COB, GEMB, MCM, and Verizon;

   (d) Failing to report the results of investigations to the relevant consumer reporting agencies;

   (e) Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendants, BOA, COB, GEMB, MCM, and Verizon, originally furnished information;

   (f) Failing to delete or correct the inaccurate information; and

(g) Failing to note the disputed status of the inaccurate information on all credit reports.

73. As a result of Defendants BOA, COB, GEMB, MCM, and Verizon's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

74. The conduct of Defendants, BOA, COB, GEMB, MCM, and Verizon, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants, BOA, COB, GEMB, MCM, and Verizon, is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## COUNT EIGHT – INVASION OF PRIVACY/FALSE LIGHT
(Plaintiff v. EIS, EX and TU)

75. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

76. Defendants, EIS's, EX's and TU's, above actions violated Plaintiff's right of privacy by impermissibly accessing Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

77. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

78. The conduct of Defendants, EIS, EX and TU, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants, EIS, EX and TU, are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## COUNT NINE – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. BOA, COB, GEMB, MCM, and Verizon)

79. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

80. Defendants EIS's, EX's and TU's above actions violated Plaintiff's right of privacy by impermissibly accessing Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

81. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

82. The conduct of Defendants, BOA, COB, GEMB, MCM, and Verizon, were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant, DRS, are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VI. JURY TRIAL DEMAND

83. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

 (a) Actual damages;

 (b) Statutory damages;

 (c) Punitive damages;

 (d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o, 15 U.S.C. §1692k(a)(3), and 73 P.S. §201-9.2(a);

 (e) An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

 (f) An order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g) Such other and further relief as may be necessary, just and proper.

                                        Respectfully submitted,

                                        **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
       MARK D. MAILMAN, ESQUIRE
       JOHN SOUMILAS, ESQUIRE
       GEOFFREY H. BASKERVILLE, ESQUIRE
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

       Attorneys for Plaintiff

Dated: April 14, 2011